FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 NOV -5 PM 12:32
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

vs.                                    CASE NO.: CR210-022

RICHARD C. WRIGHT
JAYVELLE V. MONROE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Richard Wright ("Wright") is charged with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting, in violation of 18 U.S.C. § 2. Wright filed a Motion to Suppress, to which the Government responded. The undersigned conducted an evidentiary hearing on November 2, 2010, at which Deputy Cedric Brown ("Brown") and Investigator Kevin James Chaney ("Chaney") with the Camden County Sheriff's Office testified.

## FINDINGS OF FACT

The credible evidence at the evidentiary hearing establishes the following:

Brown was parked in his patrol car in the median at mile marker 9 on Interstate 95 on May 29, 2007. Brown saw that a car was following the car in front of it too closely, as there was not a car length between the two cars. Brown initiated a traffic stop of the trailing car by turning on his lights and pulling out of the median. Defendant, who was determined later to be the driver of this car, pulled over into the emergency

lane. As Brown approached the car, Defendant sped away, exited the interstate at Exit 6, ran a stop sign, and finally pulled over near a wooded area. Defendant's two (2) passengers fled into this wooded area, but Defendant remained in the car. Defendant was arrested and charged with obstructing an officer, fleeing, following too closely, and running a stop sign. Brown noticed an open bag in the floorboard of Defendant's car containing money, and a later search of the car revealed approximately $15,000.00 in cash, a white, powdery substance which field tested positive as cocaine, and marijuana.[1] Police officers were able to capture one of the two fleeing occupants of Defendant's car. Chaney testified that, a few days later, police officers received a telephone call that there were two (2) men in the general area where the successful traffic stop occurred, and police conducted a search of this wooded area.

Wright asserts that Brown did not have probable cause to initiate a traffic stop. Wright also asserts that, even if there had been probable cause for his arrest, the search of his vehicle was unlawful, as officers should have gotten a search warrant. Wright further asserts that his statements should be suppressed. Wright contends that the evidence police gathered as a result of the search of his car and his statements should be suppressed as fruits of the poisonous tree, and any evidence obtained as a result of the search of the wooded area should be suppressed as well.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Probable Cause for Traffic Stop

"'Law enforcement [officers] may stop a vehicle when there is probable cause to believe that the driver is violating any one of the multitude of applicable traffic . . .

---

[1] Brown and Chaney offered somewhat differing accounts about when the search of Defendant's car occurred—either at the scene or during the inventory after Defendant's car was towed. However, Brown and Chaney testified that they had nothing to do with the search.

2

regulations relating to the operation of motor vehicles.'" United States v. Spoerke, 568 F.3d 1236, 1248 (11th Cir. 2009) (quoting United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998)). An individual officer's subjective intentions are irrelevant to the Fourth Amendment validity of a traffic stop that is justified objectively by probable cause to believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 810-13 (1996). In other words, if the driver of a car has broken a traffic law, no matter how relatively minor, a motion to suppress evidence cannot be based on the argument that the stop was pretextual. See Whren, 517 U.S. at 809. In Georgia, "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." O.C.G.A. § 40-6-49(a). There must be "sufficient space" so that another vehicle "may enter and occupy such space without danger." O.C.G.A. § 40-6-49(b) and (c). Stated another way, "[f]ollowing too closely, without due regard for speeding vehicles ahead and traffic on and condition of highway, is violation of motor vehicle laws. Wallace v. Yarbrough, 155 Ga. App. 184, 185, 270 S.E.2d 357, 359 (1980).

Brown testified that he noticed Defendant's car was following the car in front of him too closely, as there was not even a car length between the vehicles. Brown also testified that he used the mile marker sign where he was parked as a guide, and that Defendant's car passed this marker less than two (2) seconds (using the "one one thousand, two one thousand" method of counting) after the first car did. Brown had probable cause to believe Defendant violated a law applicable to motor vehicles, and thus, the stop of Defendant's car was legally permissible.

3

## II. Search of Defendant's Car

"The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. Searches conducted "'without prior approval by [a] judge or magistrate[ ] are *per se* unreasonable under the Fourth Amendment[.]'" O'Rourke v. Hayes, 378 F.3d 1201, 1208 (11th Cir. 2004) (quoting Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971)). However, there are exceptions to this general rule. A warrantless search "is permitted where there is (1) probable cause to believe that [an item or container] holds contraband or evidence of a crime and (2) if the 'exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present.'" United States v. Vallimont, 378 F. App'x 972, 974 (11th Cir. 2010) (quoting United States v. Place, 462 U.S. 696, 701 (1983)). "Probable cause exists when under the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. "[E]xigent circumstances exist where there is the risk of loss, destruction, removal, or concealment of evidence." United States v. Santa, 236 F.3d 662, 669 (11th Cir. 2000).

The evidence before the Court reveals that Defendant had pulled over after Brown developed probable cause to stop his car for following too closely. As Brown was approaching Defendant's car, Defendant sped away and travelled approximately 3 miles before exiting the Interstate and coming to a stop near a wooded area. In addition, Brown testified that at least two (2) occupants of Defendant's car fled into the

4

wooded area before Brown was able to approach Defendant's car. These circumstances gave rise to probable cause and exigent circumstances justifying the warrantless search of Defendant's car.

However, even if there were no exigent circumstances present, the warrantless search of Defendant's car nevertheless is permissible. According to Brown's testimony, Defendant's car was to be towed from the scene and the search was conducted during an inventory of Defendant's car. Inventory searches "are a 'well-defined exception' to the Fourth Amendment's warrant requirement." United States v. Brenton-Farley, 607 F.3d 1294, 1333 (11th Cir. 2010) (quoting Colorado v. Bertine, 479 U.S. 367, 371 (1987)).

## III. Defendant's Post-Arrest Statements

Under Miranda v. Arizona, 384 U.S. 436 (1966), "evidence obtained as a result of a custodial interrogation is inadmissible unless the defendant had first been warned of his rights and knowingly waived those rights." United States v. Wright, 300 F. App'x 627, 632 (11th Cir. 2008). "The government bears a heavy burden to demonstrate that the waiver was voluntary, knowing, and intelligent. The Supreme Court has stated that this 'heavy burden' is not more than the burden to establish waiver by a preponderance of the evidence." Hall v. Thomas, 611 F.3d 1259, 1285 (11th Cir. 2010).

Chaney stated that Defendant was at the local jail at the time he interviewed him, that Chaney read Defendant his Miranda rights, and Defendant admitted that the cocaine found during the search of his car was his. However, the government presented no evidence that Defendant voluntarily, knowingly, and intelligently waived

AO 72A
(Rev. 8/82)

his Miranda rights during this interview. Accordingly, any statements Defendant made to Chaney during this interview should be suppressed.

## IV. Search of the Wooded Area

As noted above, the Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures." U.S. CONST. amend. IV. However, "only individuals who have a legitimate expectation of privacy in the area invaded may invoke the protections of the Fourth Amendment." United States v. Lee, 586 F.3d 859, 864 (11th Cir. 2009). "The party alleging an unconstitutional search must establish both a subjective and an objective expectation of privacy." United States v. King, 509 F.3d 1338, 1341 (11th Cir. 2007). "The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the privacy expectation be one that society is prepared to recognize as reasonable." United States v. Epps, 613 F.3d 1093, 1097-98 (11th Cir. 2010).

Defendant has not shown that he had an actual expectation of privacy in the wooded area or that society would recognize his purported expectation of privacy as reasonable. There being no Fourth Amendment violation as to the search of the wooded area, this portion of Defendant's motion should be denied.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Suppress be **GRANTED** in part and **DENIED** in part. The statements Defendant is alleged to have made during Chaney's interview should be suppressed and inadmissible at trial. Otherwise, evidence obtained during the search of Defendant's

AO 72A
(Rev. 8/82)

vehicle and the wooded area on a later date should not be subject to suppression and should be admissible at trial.

**SO REPORTED** and **RECOMMENDED**, this 5th day of November, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

7

AO 72A
(Rev. 8/82)